Filed 10/18/23; Modified and Certified for Pub. 11/8/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049980 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 212318) |
| v. | |
| WALLY RENTERIA, | |
| Defendant and Appellant. | |

This case is back, once again raising questions regarding changes in sentencing laws. In 2018, Renteria was sentenced to 34 years in prison on 18 drug- and gang-related offenses. A different panel of this court affirmed Renteria's convictions, but in light of changes in sentencing laws that took effect while the appeal was pending, it reversed the judgment and remanded with instructions for the trial court to strike several enhancements and to exercise discretion whether to strike a prior serious felony enhancement. (*People v. Solins et al.* (Aug. 20, 2021, H041399, H042671, H043702 H045926) [nonpub. opn.].) After this case was remanded, several more changes in the sentencing laws took effect. However, the trial court declined to apply them and decided not to strike the prior serious felony enhancement.

Renteria now appeals, arguing that the trial court erred in failing to conduct a full resentencing and in not striking the prior serious felony enhancement. The Attorney General concedes that under recent changes in the sentencing laws the trial court should have conducted a full resentencing, and we accept that concession. We conclude,

however, that the trial court was not required to strike the prior serious felony enhancement. Accordingly, we reverse the judgment and remand with directions to resentence defendant.

## I. Background

Renteria was charged along with more than 20 other defendants in an 86-count indictment concerning a criminal street gang in Gilroy. Before trial Renteria pleaded guilty to one count of actively participating in a criminal street gang and another count of offering to sell a controlled substance, and the jury convicted him on 16 counts involving the sale of various drugs, assault, and the use of firearms. The jury also found true gang enhancement allegations, and the trial court found, among other things, a prior serious felony conviction and convictions resulting in prior prison terms, generating several more enhancements. Imposing mostly consecutive terms for the convictions as well as eight years for the gang and prior serious felony conviction enhancements—the enhancement for prior prison terms was stayed—the trial court sentenced Renteria to 34 years in prison.

Renteria appealed both his convictions and sentences. This court found Renteria's appeal from the convictions to be without merit, but held that the prior prison term enhancements that the trial court had stayed should be stricken in light of Senate Bill No. 136 (2019-2020 Reg. Sess.), which had amended Penal Code section 667.5[1] to limit prior prison term enhancements to terms for sexually violent offenses. This court also vacated the previously mandatory five-year enhancement for a prior serious felony conviction in light of Senate Bill No. 1393 (2017-2018 Reg. Sess.), which had amended section 1385 to give trial courts discretion to strike enhancements in the furtherance of justice.

This court therefore reversed the judgment as to Renteria, and it directed the trial court on remand "to strike the prior prison term enhancements and to exercise its

---

[1] Subsequent unspecified statutory references are to the Penal Code.

2

discretion as to whether to strike Renteria's prior serious felony conviction enhancement." "If the court strikes this enhancement," the court's opinion continued, "it shall resentence defendant. If not, it shall prepare an amended abstract of judgment deleting the prison prior enhancements and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation." The remittitur issued on October 28, 2021.

On remand, Renteria asked the trial court to apply several sentencing statutes that became effective on January 1, 2022 because, among other things, he was entitled to a full resentencing under one of the newly enacted statutes. The prosecution opposed full resentencing on the ground that it was contrary to the court's directive. The trial court agreed with the prosecutor and declined to resentence Renteria under the newly enacted laws. In so doing, the court reasoned that Senate Bill No. 483 (2021-2022 Reg. Sess.) does not apply here because the prior prison term enhancements in this case had been stayed and thus were not "imposed" as Senate Bill 483 requires.

The trial court then turned to the prior serious felony conviction enhancement, which Senate Bill 1393's amendments to section 1385 had given it discretion to strike. Renteria argued that a subsequent amendment to section 1385 directing how to exercise that discretion required the trial court to strike the prior serious felony conviction because section 1385 categorically prohibits multiple enhancements in a single case and enhancements that could result in a sentence exceeding 20 years. Disagreeing, the trial court ruled that none of the factors in section 1385 "mandates" striking the prior serious felony conviction. In addition, it found that both "public safety" and "the interest of justice" weighed against striking the enhancement in light of the "totality of the circumstances," including the recency of the conviction in question, the involvement of large quantities of narcotics in the offenses, Renteria's gang-related activities, his willingness to use violence, and his use of a minor in narcotics-related activity.

On April 26, 2022, the court amended the abstract of judgment to strike the prior prison enhancements as directed by this court's prior opinion, but declined to fully resentence Renteria or otherwise apply changes in sentencing statutes that became effective after the case was remanded. Renteria noticed an appeal that same day.

## II. Discussion

Renteria argues that the trial court erred in not conducting a full resentencing and in not striking the prior serious felony enhancement. The Attorney General concedes that the trial court erred in failing to conduct a full resentencing , and we accept that concession. We conclude, however, that the trial court was not required to strike the prior serious felony enhancement.

### A.    *Full Resentencing*

According to Renteria, the trial court erred in not conducting a full resentencing under both the "full sentencing rule" and Senate Bill No. 483 (Reg. Sess. 2021-2022), which amended what is now section 1172.75. The Attorney General agrees that Renteria is entitled to resentencing under section 1172.75, and reviewing this question of statutory interpretation de novo (see, e.g., *People v. Jimenez* (2020) 9 Cal.5th 53, 61 (*Jimenez*)), we likewise agree. As resentencing is required under section 1172.75, we do not reach the full sentencing rule.

Senate Bill 483 addresses enhancements for prior prison terms imposed under prior sentencing law. Before January 2020, subdivision (b) of section 667.5 permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, however, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) In addition, the Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered section 1172.75. (Stats. 2022, ch. 58, § 12.) Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," except for enhancements

4

for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).)  Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

As both Renteria and the Attorney General recognize, Senate Bill 483 squarely applies here.  The trial court imposed prior prison term enhancements for felony possession of a firearm and possession for sale of a controlled substance, not for a sexually violent offense.  Consequently, under section 1172.75 those enhancements are now "legally invalid" (§ 1172.75, subd. (a)), and the trial court was required to fully resentence Renteria applying any ameliorative changes in the law.

The trial court declined to apply section 1172.75 on the ground that the section applies only to an enhancement that has been "imposed" (§ 1172.75, subd. (a)), and here no prior prison term enhancements were imposed, apparently because the court stayed the enhancements.  The prior prison term enhancements, however, were included in the abstract of judgment but then stayed.  In that situation, the enhancements were imposed. As the Supreme Court has observed, "it is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*.' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.)  As a consequence, Renteria is entitled to a resentencing applying "the sentencing rules of the Judicial Council" and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

In particular, this resentencing should include changes in the sentencing laws enacted along with Senate Bill 483.  For example, Renteria is entitled to application of Senate Bill 567 (Reg. Sess. 2021-2022).  In that legislation, the Legislature amended

5

section 1170, the statute generally governing determinate sentences. At the time of Renteria's sentencing, section 1170 provided that the choice between sentencing a defendant to lower, middle, or upper terms "shall rest within the sound discretion of the court." (Former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 15.) Effective January 1, 2022, Senate Bill 567 amended section 1170 to make the middle term the presumptive sentence. (§ 1170, subd. (b).) Even more pertinently, section 1170 now requires courts to impose the lower term if the defendant being sentenced "experienced . . . childhood trauma" that was a contributing factor to commission of the offense. (§ 1170, subd. (b)(6).) Renteria has presented evidence of such trauma. As the Attorney General acknowledges, because the trial court did not consider the applicability of the newly amended section 1170, Renteria is entitled to have his case remanded for the trial court to consider in the first instance whether any of the seven consecutive sentences totaling 26 years imposed on him should be reduced.

Renteria is also entitled to application of Assembly Bill No. 518 (Reg. Sess. 2021-2022). This legislation amended section 654 (Stats. 2021, ch. 441, § 1), which prohibits multiple punishments for the same acts or omissions. (§ 654, subd. (a).) Before Assembly Bill 518, section 654 required trial courts to impose the sentence for the punishment with the "longest potential term of imprisonment". (Stats. 1997, ch. 410, § 1.) Effective January 1, 2022, however, Assembly Bill 518 amended section 654 to provide an act or omission punished under multiple provisions "may be punished under either of such provisions." (Stats. 2021, ch. 441, § 1, amending § 654, subd. (a).) Thus, "section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) In particular, as the Attorney General recognizes, Renteria's conviction for participating in gang related activity on count 15 overlaps with his convictions on count 18 for accessory after the fact to a felony assault and on count 58 for offering to sell

6

cocaine.  Consequently, the Attorney General concedes that on remand the trial court must either vacate the sentence for gang participation, which was one year and four months, or the sentences for accessory after the fact and offering to sell cocaine, which total four years.

B.      *Prior Serious Felony Enhancement*

In addition to seeking resentencing, Renteria argues that the trial court erred in failing to strike a five-year enhancement for a prior serious felony conviction.  Renteria does not challenge the trial court's determination that dismissal of the enhancement would endanger public safety.  Instead, he argues that section 1385, as recently amended, requires dismissal of multiple enhancements and enhancements that may result in sentences exceeding 20 years without regard to public safety.[2]  Although some language

---

[2] Section 1385 provides that trial courts generally "shall dismiss an enhancement if it is in the furtherance of justice to do so."  (§ 1385, subd. (c)(1).)  In addition, the section provides specific instructions on exercising this authority: "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed.

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma.

"(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

(continued)

in section 1385 appears to support this interpretation, other language contradicts it, and to date every Court of Appeal decision to consider this issue has disagreed with Renteria's proposed resolution of this conflict.  Reviewing this question of statutory interpretation de novo (see, e.g., *Jimenez*, *supra*, 9 Cal.5th p. 61), we reach the same conclusion as the other appellate courts deciding this issue.

In interpreting statutes, our primary objective is to " 'ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." (*Carmak v. Reynolds* (2017) 2 Cal.5th 844, 849, quoting *Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.)  In doing so, " 'we begin by looking to the statutory language," giving the language " 'its usual, ordinary import" and according " 'significance, if possible, to every word, phrase and sentence.' " (*Ibid*.)  We also construe statutory language " 'in context, keeping in mind the statutory purpose' " and seeking to harmonize statutory provisions concerning the same subject " 'to the extent possible.' " (*Id*. at p. 850.)  If the language of a statute nonetheless remains ambiguous, we " 'look to additional canons of statutory construction to determine the Legislature's purpose' " and to " 'the legislative history of the statute' " (*ibid*.), as well as " 'the consequences that will flow from a particular interpretation.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 358, quoting *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.)

Section 1385 contains competing provisions.  On the one hand, subdivision (b)(1) states that a judge "may" strike a sentencing enhancement in the furtherance of justice (§ 1385, subds. (a) & (b)(1)), and subdivision (c)(2) lists nine mitigating circumstances

"(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H) The enhancement is based on a prior conviction that is over five years old.

"(I) Though a firearm was used in the current offense, it was inoperable or unloaded." (§ 1385, subd. (c)(2).)

8

that a court shall consider "[i]n exercising its *discretion* under this subdivision." (§ 1385, subd. (c)(2), italics added.) Subdivision (c)(2) further states that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement[s], unless the court finds the dismissal of the enhancement would endanger public safety." (*Ibid.*) Thus, section 1385 expressly grants judges discretion to decline to strike enhancements where doing so would endanger public safety.

On the other hand, two mitigating circumstances listed in subdivision (c)(2) state that enhancements "shall be dismissed." (§ 1385, subd. (c)(2)(A)–(I).) The first of these mitigating circumstances—where "[m]ultiple enhancements are alleged in a single case"—states that "[i]n this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) The second mitigating circumstance— where "application of an enhancement could result in a sentence of over 20 years"— similarly states that "[i]n this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).) As no other mitigating circumstances similarly require dismissal, these provisions plainly impose special restrictions on the discretion of trial courts to decline to strike enhancements.

Renteria tries to reconcile the discretion to decline to strike enhancements given in the opening paragraph of subdivision (c)(2) with the restrictions on that discretion in the two mitigating circumstances at issue by arguing that the opening paragraph does not apply at all to these circumstances. For example, Renteria argues that the provisions concerning multiple enhancements and sentences exceeding 20 years are not "mitigating circumstances" because neither factor "mitigates" the offenses committed. These provisions, however, are plainly mitigating circumstances for purposes of section 1385: the provisions are contained in subdivisions (B) and (C), and section 1385 refers to the "mitigating circumstances in subdivisions (A) to (I)." (§ 1385, subd. (c)(2).)

Noting that subdivision (c)(1) directs trial courts to give great weight to "evidence [offered] to prove" mitigating circumstances, Renteria also argues that the provisions for

9

multiple enhancements and sentences exceeding 20 years are not mitigating circumstances because a defendant would never "offer[]" evidence of multiple enhancements or sentences exceeding 20 years. It is true that a defendant invoking the provisions concerning multiple enhancements and sentences exceeding 20 years might not present testimony like a defendant contending that the current offense was connected to mental illness or childhood trauma (§ 1385, subds. (c)(2)(D) & (E)), or that a firearm used in the offense was inoperable or unloaded (§ 1385, subd. (c)(2)(I)). Other mitigating circumstances, however, involve legal or procedural matters such as whether the current offense is a violent felony (§ 1385, subd. (c)(2)(F)), or the enhancement is based on a prior conviction that is more than five years old (§ 1385, subd. (c)(2)(H)). We see no meaningful difference between the documents and other types of evidence that would be used to prove these circumstances and the types of evidence that would be used to prove multiple enhancements and sentences over 20 years. And any difference that there may be does not warrant disregarding section 1385's inclusion of the provisions at issue in the subparagraphs containing mitigating circumstances.

Renteria also contends that his interpretation is supported by most Court of Appeal decisions that have considered section 1385's multiple enhancement and 20-year sentence provisions. Several of the decisions that he cites, however, merely quote the language of those provisions and do not consider how to reconcile them with subdivision (c)(2)'s express recognition that a court may decline to strike an enhancement that would endanger public safety. (See *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 501-502; *People v. Sek* (2022) 74 Cal.App.5th 657. In addition, while a panel of this court noted in a footnote that the multiple enhancement and sentence exceeding 20 years provisions are "not mitigating in any conventional sense," it did not consider whether the public safety exception applies to these mitigating circumstances. (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097, fn. 6.) Even more important, at the time Renteria filed his briefs only one decision had held that a trial court may decline to strike for the mitigating

10

circumstances at issue based on danger to public safety. (See *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21.) Since that time, however, at least three additional opinions have reached the same conclusion. (See *People v. Anderson* (2023) 88 Cal.App.5th 233, 238-241, review granted Apr. 19, 2023, S278786; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294-297 (*Mendoza*); *People v. Walker* (2022) 86 Cal.App.5th 386, 396-398 (*Walker*), review granted Mar. 22, 2023, S278309.[3])

The conclusion reached by these opinions is supported by several considerations. *First*, Renteria's interpretation assumes that the Legislature drafted section 1385 in a strangely circuitous manner. According to Renteria, rather than stating at the outset that some mitigating circumstances require trial courts to strike enhancements regardless of the impact on public safety, the Legislature chose to state categorically in the first paragraph of subdivision (c)(2) that courts may refuse to dismiss an enhancement based on public safety, but then to restrict that authority in the second and third of the nine subsequent subparagraphs by stating that enhancements "shall be dismissed." Normally, we presume that the Legislature "takes the more direct route to achieve its purpose." (*Walker*, *supra*, 86 Cal.App.5th at p. 398; see also *California Redevelopment Assn. v. Matasantos* (2011) 53 Cal.4th 231, 260-261 [" '[T]he drafters of legislation do not . . . hide elephants in mouseholes.' [Citation.].")

*Second*, Renteria's interpretation would create an implied repeal. (*Mendoza*, *supra*, 88 Cal.App.5th at p. 296-297; see *Lipscomb*, *supra*, 87 Cal.App.5th at p. 19.) Some enhancements, such as for discharging a firearm during a murder, robbery, or rape, by themselves increase sentences by 20 years or more. (See § 12022, subd. (c) [20 years

---

[3] Review was granted in *Walker* to determine whether, as now amended, section 1385, subdivision (c) creates a rebuttable presumption in favor of dismissing an enhancement. (*People v. Walker* (Mar. 22, 2023, S278309).) Review in *Anderson* was granted pending disposition of *Walker*. We express no opinion on this issue and cite *Walker* and *Anderson* only for their persuasive value with respect to the question whether trial courts may decline to strike enhancements under subdivisions (c)(2)(B) and (c)(2)(C) based on public safety. (See Cal. Rules of Court, rule 8.115(e)(1).)

for intentional discharge]; *id.*, subd. (d)) [25 years where great bodily injury caused].) Under Renteria's interpretation, these enhancements could never be imposed. The Supreme Court has repeatedly admonished, however, that " '[a]ll presumptions are against a repeal by implication.' " (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955, quoting *Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 805.)

*Third*, Renteria's interpretation would undermine the purposes of section 1385. The Legislature intended that section to give trial courts the discretion to dismiss sentencing enhancements, and subdivision (c)(2) provides guidance on how to exercise that discretion. (*Walker*, *supra*, 86 Cal.5th at pp. 397-398.) Moreover, the Legislature expressly recognized that trial courts may refuse to dismiss an enhancement where doing so would endanger public safety. (§ 1385, subd. (c)(2).) Renteria has not explained what purpose would be served by depriving trial courts of that discretion and requiring sentencing courts to endanger public safety when multiple enhancements are alleged or a sentencing enhancement over 20 years is sought. As the Fourth District observed, "[t]hat cannot be what the Legislature intended." (*Mendoza*, *supra*, 88 Cal.App.5th at p. 296.)

*Fourth*, Renteria's interpretation is not needed to give meaning to the instruction that multiple enhancements and an enhancement of 20 years or more "shall be dismissed." (§ 1385, subd. (c)(2)(B)-(C).) This instruction can be interpreted to apply when public safety is not endangered and the trial court is considering whether dismissal of the enhancement would be "in the furtherance of justice." (§ 1385, subd. (c)(1).) In that situation the requirement may require dismissal categorically or at least "somewhat constrain" the trial court's authority to rule that dismissal is not needed in the furtherance of justice. (*Mendoza*, *supra*, 88 Cal.App.5th at p. 296; *Lipscomb*, *supra*, 87 Cal.App.5th at p. 18; *Walker*, *supra*, 86 Cal.App.5th at p. 397.) As the trial court found that public safety would be endangered here, we need not delineate any such additional constraint.

*Fifth*, the legislative history shows that the Legislature did not intend to require trial courts to dismiss sentencing enhancements where doing so would endanger public safety. Subdivision (c)(1) of section 1385 was intended to codify recommendations from the Committee on the Revision of the Penal Code on sentencing enhancements. (Sen. Com. on Pub. Safety, Rep. on Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Feb. 8, 2021, p. 6.) The committee recommended that the Legislature established guidelines and presumptions for judges to consider when, among other things, "[m]ultiple enhancements are alleged in a single case or the total sentence is over 20 years." (Com. on the Revision of the Pen. Code, *2020 Annual Report and Recommendations* (Feb. 2021), p. 37.) The Committee also recommended, however, that the Legislature "[p]rovide that the presumptions can be overcome if there is a 'clear and convincing evidence that [the] dismissal of the enhancement would endanger public safety." (*Id.*)

Following the Committee on the Revision of the Penal Code's recommendation, the version of Senate Bill 81 initially addressing section 1385 provided in subdivision (c)(1) for a presumption that it would be in furtherance of justice to dismiss an enhancement upon a "finding" of certain enumerated circumstances, including multiple enhancements and a total sentence of over 20 years. (Sen. Bill No. 81 (2021-2022 Reg. Sess.), § 1, as amended Feb. 8, 2021.) Even more pertinently, in subdivision (c)(2) the bill provided that "[t]he court may decline to dismiss a charged sentencing enhancement pursuant to paragraph (1) upon a showing by clear and convincing evidence that dismissal of an enhancement would endanger public safety." (*Ibid.*) Thus, the initial version of Senate Bill 81 clearly provided that multiple enhancements and enhancements for sentences over 20 years should *not* be dismissed when doing so would endanger public safety.

Subsequent amendments moved the public safety provision into subdivision (c)(1) of section 1385, added the language stating that multiple enhancements and enhancements for sentences over 20 years "shall be dismissed," and deleted the

13

presumption. (Sen. Bill No. 81 (2021-2022 Reg. Sess.), § 1, as amended Mar. 23, 2021 [moving statement on public danger and adding the "shall be dismissed" language]; Sen. Bill No. 81 (2021-2022 Reg. Sess.), § 1, as amended Aug. 30, 2021 [removing presumption and adopting current language of subdivision (c)(2)].) There is no indication in the legislative history, however, that these changes were intended to require that multiple enhancements and enhancements for sentences over 20 years be struck even when doing so would endanger public safety. To the contrary, one committee report states—without differentiating multiple enhancements or enhancements for sentences over 20 years—that Senate Bill 81 would require dismissal of enhancements in the furtherance of justice "except (i) when the dismissal of an enhancement is prohibited by an initiative statute or (ii) upon a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety." (Sen. Com. on Appropriations, Rep. on Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Apr. 27, 2021, p. 2.) Another report states that under Senate Bill 81 "the following circumstances" weigh greatly in favor of dismissal "unless the court finds that dismissal of the enhancement would endanger public safety" before listing nine mitigating circumstance, including multiple enhancements and sentences over 20 years *with* the 'shall be dismissed' language. (Sen. Rules Com., Office of Sen. Floor Analyses, Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Aug. 30, 2021, p. 3.)

Renteria points to a statement by the author of a bill introduced in February 2021, Assembly Bill 931, suggesting that, as amended by Senate Bill 81, section 1385 requires courts to dismiss multiple enhancements and enhancements for sentences over 20 years even if doing so would endanger public safety. (Sen. Com. on Pub. Safety, Rep. on Assem. Bill. No. 931 (2021-2022 Reg. Sess.) as amended June 6, 2022, p. 4.) Notably, however, the committee report's description of existing law does not endorse this position, and in any event Assembly Bill 931 was not enacted. As a consequence, the

14

report cited by Renteria fails to offer any persuasive evidence that his interpretation reflects the Legislature's understanding.

We therefore reject Renteria's interpretation and conclude that, like the other factors considered above, the legislative history shows that the Legislature understood that the mitigating circumstances for multiple enhancements and sentences over 20 years do not require dismissal of enhancements where dismissal would endanger public safety. (*Lipscomb*, *supra*, 87 Cal.App.5th at p. 19.)

Because the trial court found that dismissing Renteria's prior serious felony enhancement would endanger public safety, we conclude that the court did not err in declining to dismiss that enhancement.

### III.  Disposition

The judgment of conviction is reversed, the sentence is vacated, and the matter is remanded for resentencing.  The trial court is directed to resentence Renteria on all counts under current law.

_____

BROMBERG, J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, ACTING P.J.


_____

GROVER, J.


*People v. Renteria*
H049980

Filed 11/8/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WALLY RENTERIA,<br><br>Defendant and Appellant. | H049980<br>(Santa Clara County<br>Super. Ct. No. 212318)<br><br>**ORDER GRANTING PUBLICATION AND MODIFYING OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on October 18, 2023, be modified as follows:

1.    On page 4, the first paragraph shall be deleted and replaced with the following paragraph:

On April 26, 2022, the court amended the abstract of judgment to strike the prior prison term enhancements as directed by this court's prior opinion, but declined to fully resentence Renteria or otherwise apply changes in sentencing statutes that became effective after the case was remanded. Renteria noticed an appeal that same day.

2.    On page 10, the final paragraph shall be deleted and replaced with the following paragraph:

Renteria also contends that his interpretation is supported by most Court of Appeal decisions that have considered Penal Code section 1385's multiple enhancement and 20-year sentence provisions. Several of the decisions that he cites, however, merely quote the language of those provisions and do not consider how to reconcile them with subdivision (c)(2)'s express recognition that a court may decline to strike an enhancement that would endanger public safety. (See *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 501-502; *People v. Sek* (2022) 74 Cal.App.5th 657.) In addition, while a panel of this court noted in a footnote that the multiple enhancement and sentence exceeding 20 years provisions are "not mitigating in any conventional sense," it did not consider whether the public safety exception applies to these mitigating circumstances. (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097, fn. 6.) Even more important, at the time

Renteria filed his briefs only one decision had held that a trial court may decline to strike for the mitigating circumstances at issue based on danger to public safety. (See *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21.) Since that time, however, at least three additional opinions have reached the same conclusion. (See *People v. Anderson* (2023) 88 Cal.App.5th 233, 238-241, review granted Apr. 19, 2023, S278786; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294-297; *People v. Walker* (2022) 86 Cal.App.5th 386, 396-398 (*Walker*), review granted Mar. 22, 2023, S278309.[1])

3.      On page 13, the first paragraph shall be deleted and replaced with the following paragraph:

*Fifth*, the legislative history shows that the Legislature did not intend to require trial courts to dismiss sentencing enhancements where doing so would endanger public safety. Subdivision (c)(1) of Penal Code section 1385 was intended to codify recommendations from the Committee on the Revision of the Penal Code on sentencing enhancements. (Sen. Com. on Pub. Safety, Rep. on Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Feb. 8, 2021, p. 6.) The committee recommended that the Legislature establish guidelines and presumptions for judges to consider when, among other things, "[m]ultiple enhancements are alleged in a single case or the total sentence is over 20 years." (Com. on the Revision of the Pen. Code, *2020 Annual Report and Recommendations* (Feb. 2021), p. 37.) The Committee also recommended, however, that the Legislature "[p]rovide that the presumptions can be overcome if there is 'clear and convincing evidence that dismissal of the enhancement would endanger public safety." (*Id*.)

There is no change in the judgment.

The opinion in the above-entitled matter filed on October 18, 2023, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.

---

[1] Review was granted in *Walker* to determine whether, as now amended, Penal Code section 1385, subdivision (c) creates a rebuttable presumption in favor of dismissing an enhancement. (*People v. Walker* (Mar. 22, 2023, S278309).) Review in *Anderson* was granted pending disposition of *Walker*. We express no opinion on this issue and cite *Walker* and *Anderson* only for their persuasive value with respect to the question whether trial courts may decline to strike enhancements under subdivisions (c)(2)(B) and (c)(2)(C) based on public safety. (See Cal. Rules of Court, rule 8.115(e)(1).)

2

_____

BROMBERG, J.


_____

BAMATTRE-MANOUKIAN, ACTING P.J.


_____

GROVER, J.


*People v. Renteria*
H049980

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.: 212318 |
| | |
| Trial Judge: | The Honorable Daniel T. Nishigaya |

| | |
|---|---|
| Attorneys for Plaintiff and Respondent, The People: | Office of the Attorney General: |
| | Rob Bonta |
| | Attorney General of California |
| | Lance E. Winters |
| | Chief Assistant Attorney General |
| | Jeffrey M. Laurence |
| | Senior Assistant Attorney General |
| | Eric D. Share |
| | Supervising Deputy Attorney General |
| | Clarissa Limón |
| | Deputy Attorney General |
| | Josephine Espinosa |

| | |
|---|---|
| Attorneys for Defendant and Appellant, Wally Renteria | James S. Thomson |
| | Laura Ann Douglas |

*People v. Renteria*
H049980